UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES ex. rel.<br><br>HEATHCOTE HOLDINGS CORP., INC.<br>Relator,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.<br>Defendant. | Case No. 2:08-cv-349 |

**AMENDED COMPLAINT FOR FALSE PATENT MARKING**

Relator HEATHCOTE HOLDINGS CORP., INC. (hereinafter referred to as "HEATHCOTE"), for its Complaint against Defendant CHURCH & DWIGHT CO., INC. (hereinafter referred to as "DEFENDANT"), alleges as follows:

**NATURE OF THE CASE**

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. As set forth in detail below, DEFENDANT has violated 35 U.S.C. §292(a), by marking products with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, and by marking products with patents having a scope which does not cover the marked products.

3. HEATHCOTE seeks an award of monetary damages against DEFENDANT, one-half of which shall be paid to the United States pursuant to 35 U.S.C. §292(b).

## THE PARTIES

4.  HEATHCOTE is an Illinois corporation with its principal place of business at 711 Custer Ave, Evanston, Illinois 60202.

5.  DEFENDANT is, upon information and belief, a corporation organized and existing under the laws of Delaware, having its principal place of business at 469 N. Harrison, Princeton, New Jersey 08543.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

7.  Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because DEFENDANT's products, the subject matter of this Complaint, are offered for sale and sold in various retail stores in this District.

8.  HEATHCOTE brings this action under 35 U.S.C. §292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## INTRODUCTION

9.  DEFENDANT has in the past manufactured and marketed (or caused to be manufactured and marketed) and presently manufactures and markets (or causes to be manufactured or marketed) products for sale to the general consuming public, including, among other things, toothpaste products, hair removal products, and shower cleaning products.

10. In violation of 35 U.S.C. § 292, DEFENDANT has in the past and currently marks (or causes to be marked) at least the following products (directly or on the packaging thereof) with the numbers of patents having scopes which do not cover the marked products: Mentadent Advanced Whitening Refreshing Mint Refill, Mentadent Advanced Cleaning Crystal Ice Refill, Mentadent Advanced Breath Freshening Mint Sparkle Refill, Mentadent Advanced Whitening Refreshing Mint, Mentadent Advanced Care Clean Mint Refill, Mentadent Advanced

Breath Freshening Mint Sparkle, Mentadent Advanced Whitening Refreshing Mint Bonus Pack, and Arm & Hammer Clean Shower.

11. In violation of 35 U.S.C. § 292, DEFENDANT has in the past and currently marks (or causes to be marked) at least the following products (directly or on the packaging thereof) with the words "patent pending" when, upon information and belief, no application for a patent has been made or, if made, is not pending: Nair for Men Hair Remover Speed Cream.

## DEFENDANT'S PATENTS

### Patents Which Have a Scope That Does Not Cover the Marked Products

12. United States Patent No. 5,085,853 ("the '853 patent"), entitled *FLAVOR FOR PEROXIDE-BICARBONATE ORAL COMPOSITIONS*, issued on February 4, 1992.

13. United States Patent No. 5,645,193 ("the '193 patent"), entitled *DISPENSING CONTAINER WITH TELESCOPICALLY ARRANGED DISPOSABLE REFILL CARTRIDGE AND REUSABLE BASE*, issued on July 8, 1997.

### Method Patents

14. United States Patent No. 5,632,972 ("the '972 patent"), entitled *METHOD FOR TREATING GINGIVAL AND PERIODONTAL TISSUES*, issued on May 27, 1997.

15. The '972 patent only covers or protects, by way of any patent property right, a method and does not cover or protect, by way of any patent property right, the structure or configuration of any apparatus.

16. United States Patent No. 5,616,313 ("the '313 patent"), entitled *METHOD FOR TREATING GINGIVAL AND PERIODONTAL TISSUES*, issued on April 1, 1997.

17. The '313 patent only covers or protects, by way of any patent property right, a method and does not cover or protect, by way of any patent property right, the structure or configuration of any apparatus.

18. United States Patent No. 5,910,474 ("the '474 patent"), entitled *METHOD OF RINSING SHOWERS CLEAN*, issued on June 8, 1999.

19. The '474 patent only covers or protects, by way of any patent property right, a method and does not cover or protect, by way of any patent property right, the structure or configuration of any apparatus.

## CAUSES OF ACTION FOR FALSE PATENT MARKING

20. DEFENDANT is a sophisticated company with many decades of experience applying for, obtaining, and litigating patents, and therefore knows that patents do not have an unlimited scope, but rather, have a scope limited to that which is claimed.

21. Certain of the patents marked on the products identified herein (directly or on the packaging thereof) have scopes which unmistakably do not cover the product on which such patents are marked. Because the scope of such patents is unmistakably different than the products on which they are marked, DEFENDANT cannot have any reasonable belief that such products are patented by such patents.

22. Upon information and belief, DEFENDANT knows that certain of the products identified herein are marked (directly or on the packaging thereof) with patents having scopes which do not cover such products and, therefore, that such products are unpatented.

23. DEFENDANT has in the past marked (or caused to be marked) and presently marks (or causes to be marked) products identified herein with language indicating that the products are the subject matter of pending patent applications when, in fact, no relevant patent application is pending.

24. Upon information and belief, DEFENDANT knows that no patent applications covering such products are pending.

25. Upon information and belief, DEFENDANT knew that no patent applications covering such products were pending during the time periods that DEFENDANT was marking products with language indicating that the products are the subject matter of pending patent applications.

26. Because no patent applications covering such products are pending, DEFENDANT cannot have any reasonable belief that the products identified herein are the subject matter of pending patent applications.

27. As set forth in detail herein, and/or for other reasons which will be later evidenced, DEFENDANT has falsely marked the products described below, with the intent to deceive the public, in violation of 35 U.S.C. §292.

28. For each count of this Complaint, HEATHCOTE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth therein.

## COUNTS 1-4: FALSE MARKING ON MENTADENT ADVANCED WHITENING REFRESHING MINT REFILL

29. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Mentadent Advanced Whitening Refreshing Mint Refill.  (*e.g.,* Ex. A)

## COUNT 1: THE '972 PATENT

30. Because the '972 patent only contains method claims, the apparatus identified as the Mentadent Advanced Whitening Refreshing Mint Refill product is not covered or protected by the '972 patent.

31. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint Refill product with the '972 patent.

32. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 2: THE '313 PATENT

33.     Because the '313 patent only contains method claims, the apparatus identified as the Mentadent Advanced Whitening Refreshing Mint Refill product is not covered or protected by the '313 patent.

34.     DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint Refill product with the '313 patent.

35.     DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 3: THE '193 PATENT

36.     The '193 patent has a scope which does not cover or protect the Mentadent Advanced Whitening Refreshing Mint Refill product.

37.     DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint Refill product with the '193 patent.

38.     DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 4: THE '853 PATENT

39.     The '853 patent has a scope which does not cover or protect the Mentadent Advanced Whitening Refreshing Mint Refill product.

40.     DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint Refill product with the '853 patent.

41.     DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNTS 5-6: FALSE MARKING ON MENTADENT ADVANCED CLEANING CRYSTAL ICE REFILL

42. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Mentadent Advanced Cleaning Crystal Ice Refill.  (*e.g.,* Ex. B)

## COUNT 5: THE '193 PATENT

43. The '193 patent has a scope which does not cover or protect the Mentadent Advanced Cleaning Crystal Ice Refill product.

44. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Cleaning Crystal Ice Refill product with the '193 patent.

45. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 6: THE '853 PATENT

46. The '853 patent has a scope which does not cover or protect the Mentadent Advanced Cleaning Crystal Ice Refill product.

47. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Cleaning Crystal Ice Refill product with the '853 patent.

48. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNTS 7-10: FALSE MARKING ON MENTADENT ADVANCED BREATH FRESHENING MINT SPARKLE REFILL

49. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Mentadent Advanced Breath Freshening Mint Sparkle Refill.  (*e.g.,* Ex. C)

## COUNT 7: THE '972 PATENT

50. Because the '972 patent only contains method claims, the apparatus identified as the Mentadent Advanced Breath Freshening Mint Sparkle Refill product is not covered or protected by the '972 patent.

51. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Breath Freshening Mint Sparkle Refill product with the '972 patent.

52. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 8: THE '313 PATENT

53. Because the '313 patent only contains method claims, the apparatus identified as the Mentadent Advanced Breath Freshening Mint Sparkle Refill product is not covered or protected by the '313 patent.

54. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Breath Freshening Mint Sparkle Refill product with the '313 patent.

55. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 9: THE '193 PATENT

56. The '193 patent has a scope which does not cover or protect the Mentadent Advanced Breath Freshening Mint Sparkle Refill product.

57. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Breath Freshening Mint Sparkle Refill product with the '193 patent.

58. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 10: THE '853 PATENT

59. The '853 patent has a scope which does not cover or protect the Mentadent Advanced Breath Freshening Mint Sparkle Refill product.

60. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Breath Freshening Mint Sparkle Refill product with the '853 patent.

61. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNTS 11-13: FALSE MARKING ON MENTADENT ADVANCED WHITENING REFRESHING MINT

62. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Mentadent Advanced Whitening Refreshing Mint. (*e.g.*, Ex. D)

### COUNT 11: THE '972 PATENT

63. Because the '972 patent only contains method claims, the apparatus identified as the Mentadent Advanced Whitening Refreshing Mint product is not covered or protected by the '972 patent.

64. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint product with the '972 patent.

65. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNT 12: THE '313 PATENT

66. Because the '313 patent only contains method claims, the apparatus identified as the Mentadent Advanced Whitening Refreshing Mint product is not covered or protected by the '313 patent.

67. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint product with the '313 patent.

68.     DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNT 13: THE '853 PATENT

69.     The '853 patent has a scope which does not cover or protect the Mentadent Advanced Whitening Refreshing Mint product.

70.     DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint product with the '853 patent.

71.     DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNTS 14-17: FALSE MARKING ON MENTADENT ADVANCED CARE CLEAN MINT REFILL

72.     DEFENDANT manufactures, markets, and sells a product identified on its packaging as Mentadent Advanced Care Clean Mint Refill.  (*e.g.*, Ex. E)

### COUNT 14: THE '972 PATENT

73.     Because the '972 patent only contains method claims, the apparatus identified as the Mentadent Advanced Care Clean Mint Refill product is not covered or protected by the '972 patent.

74.     DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Care Clean Mint Refill product with the '972 patent.

75.     DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNT 15: THE '313 PATENT

76. Because the '313 patent only contains method claims, the apparatus identified as the Mentadent Advanced Care Clean Mint Refill product is not covered or protected by the '313 patent.

77. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Care Clean Mint Refill product with the '313 patent.

78. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 16: THE '853 PATENT

79. The '853 patent has a scope which does not cover or protect the Mentadent Advanced Care Clean Mint Refill product.

80. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Care Clean Mint Refill product with the '853 patent.

81. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNT 17: THE '193 PATENT

82. The '193 patent has a scope which does not cover or protect the Mentadent Advanced Care Clean Mint Refill product.

83. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Care Clean Mint Refill product with the '193 patent.

84. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

## COUNTS 18-19: FALSE MARKING ON MENTADENT ADVANCED BREATH FRESHENING MINT SPARKLE

85. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Mentadent Advanced Breath Freshening Mint Sparkle. (*e.g*., Ex. F)

### COUNT 18: THE '972 PATENT

86. Because the '972 patent only contains method claims, the apparatus identified as the Mentadent Advanced Breath Freshening Mint Sparkle product is not covered or protected by the '972 patent.

87. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Breath Freshening Mint Sparkle product with the '972 patent.

88. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNT 19: THE '313 PATENT

89. Because the '313 patent only contains method claims, the apparatus identified as the Mentadent Advanced Breath Freshening Mint Sparkle product is not covered or protected by the '313 patent.

90. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Breath Freshening Mint Sparkle product with the '313 patent.

91. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNTS 20-21: FALSE MARKING ON MENTADENT ADVANCED WHITENING REFRESHING MINT BONUS PACK

92. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Mentadent Advanced Whitening Refreshing Mint Bonus Pack. (*e.g*., Ex. G)

### COUNT 20: THE '972 PATENT

93. Because the '972 patent only contains method claims, the apparatus identified as the Mentadent Advanced Whitening Refreshing Mint Bonus Pack product is not covered or protected by the '972 patent.

94. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint Bonus Pack product with the '972 patent.

95. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNT 21: THE '313 PATENT

96. Because the '313 patent only contains method claims, the apparatus identified as the Mentadent Advanced Whitening Refreshing Mint Bonus Pack product is not covered or protected by the '313 patent.

97. DEFENDANT has marked (or caused to be marked) the packaging of the Mentadent Advanced Whitening Refreshing Mint Bonus Pack product with the '313 patent.

98. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNT 22: FALSE MARKING ON ARM & HAMMER CLEAN SHOWER

99. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Arm & Hammer Clean Shower.  (*e.g.,* Ex. H)

### COUNT 22: THE '474 PATENT

100. Because the '474 patent only contains method claims, the apparatus identified as the Arm & Hammer Clean Shower product is not covered or protected by the '474 patent.

101. DEFENDANT has marked (or caused to be marked) the packaging of Arm & Hammer Clean Shower product with the '474 patent.

102. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### COUNT 23: FALSE MARKING ON NAIR FOR MEN HAIR REMOVER SPEED CREAM

103. DEFENDANT manufactures, markets, and sells a product identified on its packaging as Nair for Men Hair Remover Speed Cream.  (*e.g.,* Ex. I)

### COUNT 23:  PATENT PENDING

104. Upon information and belief, the Nair for Men Hair Remover Speed Cream is not the subject matter of a pending patent application.

105. Defendant has marked (or caused to be marked) the packaging for Nair for Men Hair Remover Speed Cream with the words "patent pending," when upon information and belief, no application for patent has been made, or if made, is not pending.

106. DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a).

### DAMAGES

107. Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

108. Upon information and belief, DEFENDANT'S false marking of its products with language indicating that the products are the subject matter of pending patent applications when no relevant patent application is pending, and DEFENDANT'S false marking of its products with patents having a scope which does not cover the marked products have wrongfully quelled competition with respect to such products thereby causing harm to HEATHCOTE, the United States, and the public.

109. For the reasons set forth herein, and for other reasons that will later be found in evidence, DEFENDANT has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the herein described products.

## PRAYER FOR RELIEF

WHEREFORE, HEATHCOTE requests this Court, pursuant to 35 U.S.C. §292, to:

A.  Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.  Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.  Grant HEATHCOTE such other and further relief as it may deem just and equitable.

Dated:  October 3, 2008              Respectfully submitted,

/s/ Carl S. Kravitz (Wesley Hill by permission)
Carl S. Kravitz
Ellen D. Marcus
Jane M. Ricci
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800 (telephone)
(202) 822-8106 (facsimile)

Otis W. Carroll
Tex. State Bar 03895700
J. Wesley Hill
Tex. State Bar 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703

(903) 561-1600 (telephone)
(903) 581-1071 (facsimile)

*Counsel for Relator HEATHCOTE
HOLDINGS CORP., INC.*