**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES ex rel. | § | |
| | § | |
| HEATHCOTE HOLDINGS CORP., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:08-cv-00349-TJW |
| v. | § | |
| | § | |
| CHURCH & DWIGHT CO., INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CHURCH & DWIGHT CO., INC.'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE 12(b)(6)**

Jennifer P. Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
Tel.:   (903) 509-5000
Fax:   (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

Jeremy P. Oczek
Admitted *Pro Hac Vice*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02210
Tel.:   (617) 526-9600
Fax:   (617) 526-9899
Email: joczek@proskauer.com

*ATTORNEYS FOR DEFENDANT*
*CHURCH & DWIGHT CO., INC.*

## <u>TABLE OF CONTENTS</u>

I.    Introduction ............................................................................................................1

II.   Statement of the Issues .........................................................................................2

III.  Background Facts ..................................................................................................4

IV.   Applicable Legal Standards ..................................................................................4

V.    Argument ...............................................................................................................5

      A.    Heathcote's Amended Complaint Should Be Dismissed Because It Does Not
            State Any Claim Upon Which Relief Can Be Granted. ...........................................5

            1.    Heathcote's Counts 1-2, 7-8, 11-12, 14-15, and 18-22 Should Be
                  Dismissed Because Marking Products With Patents Containing Only
                  Method Claims is Not "False Marking" as a Matter of Law ......................5

            2.    Heathcote's Counts 3-6, 9-10, 13, and 16-17 Should Be Dismissed
                  for Failure to Provide Sufficient Factual Detail and for Failure to
                  Meet the Threshold of Plausibility Required Under *Twombly*. ..................8

            3.    Heathcote's Count 23 Should Be Dismissed Because Church &
                  Dwight Appropriately Marked Its Accused Nair for Men Products
                  With the Language "Patents Pending" .....................................................10

      B.    Heathcote's Amended Complaint Should Be Dismissed for Failure to Allege
            Fraudulent Intent to Deceive With Sufficient Particularity Required by
            Federal Rule 9(b). ...............................................................................................11

VI.   Conclusion ...........................................................................................................15

## TABLE OF AUTHORITIES

CASES                                                                      PAGE(S)

*Am. Med. Sys. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)...............................................................................7

*Amsted Indus. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)........................................................................... 6-7

*AntiCancer Inc. v. Xenogen Corp.*,
   248 F.R.D. 278 (S.D. Cal. 2007) .......................................................................9

*Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co.*,
   786 F.2d 1124 (Fed. Cir. 1986).......................................................................14

*Asahi Glass Co. v. Pentech Pharms., Inc.*,
   289 F. Supp. 2d 986 (N.S. Ill. 2003).................................................................9

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
   531 F. Supp. 2d 620 (S.D.N.Y. 2008)................................................................9

*Bartronics, Inc. v. Power-One, Inc.*,
   245 F.R.D. 532 (S.D. Ala. 2007) ......................................................................9

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007).......................................................................4, 5, 9, 14

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*,
   489 U.S. 141 (1989)..........................................................................................6

*Brose v. Sears, Roebuck & Co.*,
   455 F.2d 763 (5th Cir. 1972) ...........................................................................15

*Chamilia, LLC v. Pandora Jewelry, LLC*,
   No. 04-CV-6017, 2007 WL 2781246 (S.D.N.Y. Sept. 24, 2007)...........................14

*Clontech Labs, Inc. v. Invitrogen Corp.*,
   406 F.3d 1347 (Fed. Cir. 2005).......................................................5, 12, 13, 14

*Dethmers Mfg. Co. v. Automatic Equip. Mfg.*,
   70 F. Supp. 2d 944 (N.D. Iowa 1999)............................................................6, 15

*Devices for Med., Inc. v. Boehl*,
   822 F.2d 1062 (Fed. Cir. 1987)..........................................................................7

*High Frequency Products, Inc. v. Wynn's Climate Sys., Inc.*,
   91 F.3d 167, 1996 WL 217840 (Fed. Cir. April 30, 1996)...................................6

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*,
    No. 99-309 GMS, 2001 WL 66345 (D. Del. Jan. 4, 2001)......................................................7

*IMX, Inc. v. Lendingtree, LLC*,
    No. 03-1067-SLF, 2005 WL 3465555 (D. Del. Dec. 14, 2005) ...............................................8

*Inline Connection Corp. v. AOL Time Warner Inc.*,
    465 F. Supp. 2d 312 (D. Del. 2006)........................................................................................8

*Limestone Dev. Corp. v. Village of Lemont*,
    520 F.3d 797 (7th Cir. 2008) ...........................................................................................9-10

*London v. Everett H. Dunbar Corp.*,
    179 F. 506 (1st Cir. 1910)....................................................................................................15

*Lovelace v. Softaware Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ...............................................................................................11

*Mass. Instit. of Tech. v. Abacus Software, Inc. et al.*,
    No. 5:01-cv-344, 2004 WL 5268123 (E.D. Tex. Aug. 4, 2004)..............................................6

*Northbrook Digital Corp. v. Browster, Inc.*,
    No. 06-4206, 2008 WL 4104695 (D. Min. Aug. 26, 2008)......................................................7

*Norton v. Curtiss*,
    433 F.2d 779 (C.C.P.A. 1970) .............................................................................................12

*Pequignot v. Solo Cup Co.*,
    No. 1:07-cv-897, 2009 WL 874488 (E.D. Va. March 27, 2009)..............................................1

*Plotkin v. IP Axess Inc., Etc.*,
    407 F.3D 690 (5th Cir. 2005) ................................................................................................5

*Seven Cases of Eckman's Alternative v. United States*,
    239 U.S. 510 (1916)............................................................................................................12

*Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*,
    365 F.3d 353 (5th Cir. 2004) .............................................................................................5, 9

*Soverain Software LLC v. Amazon.com, Inc.*,
    383 F. Supp. 2d 904 (E.D. Tex. 2005)....................................................................................8

*United States ex rel. Russell v. Epic Healthcare Mgmt. Group*,
    193 F.3d 304 (5th Cir. 1999)...........................................................................................11, 12

*United States ex rel. Scharmer v. Carrollton Mfg. Co.*,
    377 F. Supp. 218 (N.D. Ohio 1974)......................................................................................12

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.,*
    125 F.3d 899 (5th Cir. 1997) ...............................................................................11, 12, 13, 14

*Water Gremlin Co. v. Ideal Fishing Float Co.,*
    401 F. Supp. 809 (D. Minn. 1975)...........................................................................15

*Williams v. WMX Tech., Inc.,*
    112 F.3d 175 (5th Cir. 1997) ...............................................................................11

## OTHER AUTHORITIES

35 U.S.C. § 287...................................................................................................... *passim*

35 U.S.C. § 292...................................................................................................... *passim*

FED. R. CIV. P. 9(b) ................................................................................................ *passim*

FED. R. CIV. P. 12(b)(6)........................................................................................... *passim*

FED. R. EVID. 201(f)...............................................................................................11

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Church & Dwight Co., Inc. ("Church & Dwight") moves to dismiss the Amended Complaint of Plaintiff Heathcote Holdings Corp., Inc. ("Heathcote") for failure to state a claim upon which relief can be granted.

## I.
## Introduction

This is a *qui tam* action brought by Heathcote against Church & Dwight for alleged "false patent marking" under 35 U.S.C. § 292.  Heathcote -- a shell corporation formed by an attorney from Illinois just months before the filing of this lawsuit -- does not compete with Church & Dwight in the marketplace, does not appear to conduct any business, does not own any of its own patents, and does not allege any injury or harm caused by the alleged conduct, but rather appears to be suing merely for the purpose of collecting a "bounty."

Section 292(b) -- an archaic and little-used statute -- allows for a penalty of up to $500 per offense for the false marking of a patent, only if such marking was done for the purpose of deceiving the public.  35 U.S.C. § 292(b).  Where a suit is brought by a private individual, "one-half of the amount shall go to the person suing and the other to the use of the United States."  *Id.* Yet, "[i]t is likely an accident of history that § 292(b) survives," because "[t]he only practical impact of the *qui tam* provisions of § 292(b) appears to be its potential to benefit individuals, such as the plaintiff in the case at bar, who have chosen to research expired or invalid patent markings and to file lawsuits in the hope of financial gain."  *Pequignot v. Solo Cup Co.*, No. 1:07-cv-897, 2009 WL 874488, at *11 (E.D. Va. March 27, 2009).

Heathcote's "copycat" lawsuit is one of several lawsuits pending across the country that were brought by or on behalf of attorneys who are suddenly seeking "damages" for alleged false patent markings.  Whether section 292(b) is constitutional, and whether the plaintiffs suing under section 292(b) have standing under Article III, are issues currently being considered by several

district courts,[1] and are likely to be considered down the road by appellate courts. Church & Dwight intends to raise these significant constitutional and standing issues with this Court if this case proceeds further. Because Heathcote's Amended Complaint has no merit and can be dismissed *now* as a matter of law, and in the interest of conserving this Court's resources, this present motion only addresses the deficiencies of the Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.
## Statement of the Issues

Heathcote's Amended Complaint should be dismissed pursuant to Rule 12(b)(6).

The allegations in Heathcote's 23-Count Amended Complaint fall into three categories: (1) that certain products are marked with patents containing only "method" claims (Counts 1-2, 7-8, 11-12, 14-15, and 18-22); (2) that certain products are marked with patents that "have scopes which unmistakably do not cover" such products (Counts 3-6, 9-10, 13, and 16-17); and (3) that certain products are marked with the language "patents pending" when no patent application is pending (Count 23). *See* Amended Complaint [Dkt. #4]. As a matter of law, each of Heathcote's claims should be dismissed.

As to the first category, Church & Dwight's marking of certain products with patents that cover the methods for using such products is neither false nor actionable. Indeed, these patent markings properly comply with Church & Dwight's duty to mark products pursuant to 35 U.S.C.

---

[1] Motions to dismiss based on constitutional and/or standing grounds are currently pending in at least the following district court cases: *Harrington v. CIBA Vision Corp.*, No. 3:08-cv-00251, in the Western District of North Carolina; *The North Carolina Farmers' Assistance Fund, Inc. v. Monsanto Company*, No. 1:08-cv-00409, in the Middle District of North Carolina; *Brule Research Assocs. Team LLC v. A.O. Smith Corp.*, 2:08-cv-01116, in the Eastern District of Wisconsin; and *Raymond E. Stauffer v. Brooks Brothers, Inc. and Retail Brand Alliance, Inc.*, No. 08-cv-10369, in the Southern District of New York. One district court, the Eastern District of Virginia, has upheld the constitutionality of section 292. *Pequignot v. Solo Cup Co.*, No. 1:07-cv-897, 2009 WL 874488, at *11 (E.D. Va. March 27, 2009).

§ 287, and therefore such claims of false patent marking by Heathcote should be dismissed as a matter of law.

As to the second category, in which Heathcote alleges that "[c]ertain of the patents marked on the products … have scopes which *unmistakably* do not cover the product on which such patents are marked," Amended Complaint ¶ 21 (emphasis added), Heathcote fails to provide any information as to how or why these patents "unmistakably" do not "cover" the products on which they are marked. These conclusory allegations fail to meet the threshold of plausibility required under *Twombly*, and such claims should be dismissed.

As to the third category, Church & Dwight appropriately marks its Nair® for Men products with the language "Patents Pending" since it *does* in fact have at least two patents applications pending on the formulas for its accused Nair® for Men products. As such, this Court can take judicial notice of the fact that these patent applications are pending and dismiss Heathcote's claim that such products are not the subject of pending patent applications, because that is simply not true.

Furthermore, and critically, Heathcote fails to provide factual support for its conclusory allegations that Church & Dwight falsely marked its products with "intent to deceive the public." False patent marking under section 292 is defined as an intentional deceptive act -- it is a species of *fraud*. To properly state a claim for relief under Rule 12(b)(6), a false marking (fraud) claim *must* be pled with specificity under Rule 9(b). Heathcote's Amended Complaint makes unwarranted inferences and draws conclusions based solely "upon information and belief." Heathcote's claims, therefore, neither comply with Rule 9(b), nor raise a right to relief that is above a mere speculative level.

### III.
### Background Facts

Church & Dwight, founded in 1846 and headquartered in Princeton, New Jersey, is a respected leader in the household consumer products and personal care industry, with such famous and trusted brands as ARM & HAMMER, TROJAN, FIRST RESPONSE, ARRID, NAIR, MENTADENT, BRILLO, and OXI CLEAN.  Church & Dwight currently owns over 300 U.S. patents, and marks certain of its applicable products in accordance with the marking provisions of the Patent Act, 35 U.S.C. § 287(a).

Plaintiff Heathcote is not a competitor of Church & Dwight.  According to a search of U.S. Patent Office records, Heathcote does not own any of its own patents.  Heathcote is an Illinois corporation formed by Paul M. Hletko, an attorney from Illinois, apparently for the sole purpose of initiating lawsuits for "false patent marking" under 35 U.S.C. § 292.  Through his company, Hletko filed this lawsuit against Church & Dwight without asserting that he or his company has suffered any injury-in-fact.  Despite the lack of any harm or injury suffered by Hletko or Heathcote, the Amended Complaint seeks an undisclosed "award of monetary damages" against Church & Dwight.  *See* Amended Complaint ¶ 3.

### IV.
### Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide factual allegations that when assumed to be true "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id*. at 1966 (internal citations omitted).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Thus, a court is not required to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc., Etc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) ("[W]e will not strain to find inferences favorable to the plaintiffs. Nor do we accept conclusory allegations, unwarranted deductions, or legal conclusions") (internal citations omitted).

A claim for false patent marking under section 292 requires a plaintiff to prove four elements: (1) a marking showing that an article is patented; (2) that the marking is on, affixed to, or used in advertising for the article; (3) that the article is "unpatented"; and (4) that the marking was done with the specific intent to deceive the public. *See* 35 U.S.C. § 292(a); *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed. Cir. 2005).

**V.**
**Argument**

**A.     Heathcote's Amended Complaint Should Be Dismissed Because It Does Not State Any Claim Upon Which Relief Can Be Granted.**

***1.     Heathcote's Counts 1-2, 7-8, 11-12, 14-15, and 18-22 Should Be Dismissed Because Marking Products With Patents Containing Only Method Claims is Not "False Marking" as a Matter of Law.***

Heathcote's Amended Complaint alleges that Church & Dwight has falsely marked several Mentadent® products and its Clean Shower® products because certain patent numbers marked on these products containing only "method" claims. *See* Amended Complaint ¶¶ 30, 33, 50, 53, 63, 66, 73, 76, 86, 89, 93, 96, 100.

The law is clear, however, that in order to protect its rights under the Patent Act, 35 U.S.C. § 287, Church & Dwight has a duty to mark tangible objects that are covered by any of its patents.  In fact, "[t]he availability of damages in an infringement action is made contingent upon affixing a notice of patent to the protected article."  *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 162 (1989); 35 U.S.C. § 287.   As such, Church & Dwight has a duty to provide notice to consumers and competitors that the use of its Mentadent and Clean Shower products is covered by Church & Dwight's patents.  Indeed, as explained by this Court, "in the balance struck by §§ 287(a) and 292 there is a clear weight on the side of marking, even if that results in a notice that includes patents that may not actually cover the vended article."  *Mass. Instit. of Tech. v. Abacus Software, Inc. et al.*, No. 5:01-cv-344, 2004 WL 5268123, at *21 (E.D. Tex. Aug. 4, 2004).

Based on this duty to mark protected items, courts have explicitly held that a patentee who complies with section 287 cannot be liable under section 292.  Heathcote's claims should be dismissed as a matter of law because

> [j]ust as the mere existence of a patent does not establish a case or controversy for a declaratory judgment action by a party fearing accusations of infringement, the mere giving of notice of patent rights [via marking] … *does not give rise to any inference that the notice was given with the intent to deceive the public.*

*Dethmers Mfg. Co. v. Automatic Equip. Mfg.*, 70 F. Supp. 2d 944, 984 (N.D. Iowa 1999) (emphasis added); *see also High Frequency Products, Inc. v. Wynn's Climate Sys., Inc.*, 91 F.3d 167, 1996 WL 217840, at *3 (Fed. Cir. April 30, 1996) ("Because … marking a patent number on a product was necessary to protect the patentee's rights under the patent … [w]e agree with the district court that this evidence does not satisfy the requirement of specific intent to deceive the public that is necessary to establish liability under section 292(a)."); *Amsted Indus. v.*

*Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) (rejecting plaintiff's argument that "had it marked its center plate [component] it would have violated 35 U.S.C. § 292 which prohibits the marking of an unpatented article" because "the purpose of section 287 is to encourage the patentee to give notice to the public of the patent").

Moreover, the Federal Circuit has explained that, where, as here, there is a tangible item to mark, the marking requirements for method claim patents are no different from patents with apparatus claims:

> The purpose behind the marking statute is to encourage the patentee to give notice to the public of the patent.  The reason that the marking statute does not apply to method claims is that, ordinarily, where the patent claims are directed to only a method or process there is nothing to mark.  Where the patent contains both apparatus and method claims, however, *to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a).*

*Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-39 (Fed. Cir. 1993) (emphasis added).

Therefore, as a matter of law, Church & Dwight cannot be held liable for marking products with its method patents, as courts have routinely held that Section 287 is applicable to method claims.  *See, e.g.*, *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, No. 99-309 GMS, 2001 WL 66345, at *3-*4 (D. Del. Jan. 4, 2001) (limiting plaintiff's damages due to a failure to mark despite the fact that one of the asserted patents *only* contained method claims); *see also Am. Med. Sys.*, 6 F.3d at 1539 (precluding damages on asserted method claims where a plaintiff failed to mark);  *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987) (holding that where "[t]he claimed method is the use of the product …[h]aving sold the product unmarked, [plaintiff] could hardly maintain entitlement to damages for its use by a purchaser uninformed that such use would violate [plaintiff's] method patent"); *Northbrook Digital Corp. v. Browster, Inc.*, No. 06-4206, 2008 WL 4104695, at *4 (D. Minn. Aug. 26, 2008) (limiting

plaintiff's damages due to its failure to mark the websites that offered the software that performed the patented methods at issue); *Inline Connection Corp. v. AOL Time Warner Inc.*, 465 F. Supp. 2d 312, 320-21 (D. Del. 2006) (limiting damages because plaintiffs failed to ensure that the components that performed a claimed method were marked so as to provide potential infringers with actual notice of the patent); *IMX, Inc. v. Lendingtree, LLC*, No. 03-1067-SLR, 2005 WL 3465555, at *3-*4 (D. Del. Dec. 14, 2005) (same) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 383 F. Supp. 2d 904, 911 (E.D. Tex. 2005)).

Accordingly, because marking products with patents containing only method claims cannot be considered not "false patent marking," Heathcote's Counts 1-2, 7-8, 11-12, 14-15, and 18-22 should be dismissed.

> ### 2.    Heathcote's Counts 3-6, 9-10, 13, and 16-17 Should Be Dismissed for Failure to Provide Sufficient Factual Detail and for Failure to Meet the Threshold of Plausibility Required Under <u>Twombly</u>.

Several of Heathcote's allegations stem from its broad, conclusory claim that

> [c]ertain of the patents marked on the products identified herein (directly or on the packaging thereof) have scopes which *unmistakably* do not cover the product on which such patents are marked.  Because the scope of such patents is *unmistakably* different than the products on which they are marked, DEFENDANT cannot have any reasonable belief that such products are patented by such patents.

Amended Complaint ¶ 21 (emphasis added).  In connection with this conclusory claim, Heathcote's Amended Complaint repeatedly alleges -- without any detail -- that U.S. Patent Nos. 5,085,853 ("the '853 Patent) and 5,645,193 ("the '193 Patent") each "[have] a scope that does not cover or protect" the following Mentadent® products:  (1) Advanced Whitening Refreshing Mint Refill, (2) Advanced Cleaning Crystal Ice Refill, (3) Advanced Breath Freshening Mint Sparkle Refill, (4) Advanced Care Clean Mint Refill, and (5) Advanced Whitening Refreshing

Mint.[2]   Amended Complaint ¶¶ 36, 39, 43, 46, 56, 59, 69, 79, 82.   However, Heathcote's Amended Complaint does not provide any information or facts as to how or why these patents "unmistakably" do not "cover" the products on which they are marked.

Heathcote's failure to provide any facts, while simply making the conclusory allegation that these patents "unmistakably" do not "cover" the accused products, makes it impossible to determine the basis upon which Heathcote believes it is entitled to relief. *Twombly*, 127 S. Ct. at 1964-65; *Southland*, 365 F.3d at 361.   Moreover, Heathcote's allegations concerning the allegedly improper "scope" of the patents are so vague that they fail to provide Church & Dwight with notice as to what is really at issue.   Courts have routinely held that these types of conclusory and bare bones allegations are insufficient to avoid dismissal.   *See, e.g.*, *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008) (dismissing counterclaims pled "without alleging even general facts to support them"); *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282-83 (S.D. Cal. 2007) (dismissing infringement claim because plaintiff "failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief"); *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 537 (S.D. Ala. 2007) (dismissing invalidity claim that alleged "no supporting facts of any kind").

Under *Twombly*, at least "some threshold of plausibility must be crossed at the outset before [this case] should be permitted to go into its inevitably costly and protracted discovery phase." *Twombly*, 127 S. Ct. at 1966 (quoting *Asahi Glass Co. v. Pentech Pharms., Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003); *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797,

---

[2]      Heathcote only alleges that the '853 Patent "has a scope that does not cover or protect" the Mentadent Advanced Whitening Refreshing mint product – and does not make this claim for the 193 Patent.  Amended Complaint ¶ 69.

802-03 (7th Cir. 2008) (holding that a defendant "should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case") (internal citations omitted).   Heathcote's bare bones and conclusory allegations that certain Church & Dwight patents "unmistakably" do not "cover" the products on which they are marked fail to meet the required threshold of plausibility.

Accordingly, Heathcote's Counts 3-6, 9-10, 13, and 16-17 should be dismissed for failure to provide sufficient factual detail required under *Twombly*.

### 3.   *Heathcote's Count 23 Should Be Dismissed Because Church & Dwight Appropriately Marked Its Accused Nair for Men Products With the Language "Patents Pending."*

Heathcote's claim concerning Church & Dwight's Nair For Men® hair removal products ("Nair For Men Products"), Count 23, should be dismissed.   Heathcote alleges that Church & Dwight falsely marked "the packaging for [its] Nair for Men Hair Remover Speed Cream with the words 'patent pending,' when upon information and belief, no application for patent has been made, or if made, is not pending."   Amended Complaint ¶ 105.   However, Heathcote's allegation is just plain wrong.

Had Heathcote conducted a proper Rule 11 investigation of the facts prior to filing suit, it would have learned that Church & Dwight had, and has, at least two patent applications pending that pertain to its Nair For Men products.

Indeed, in 2005 and 2006, Church & Dwight filed patent applications in the United States, Europe, Australia, and Canada based on two new formulas to be used in its Nair For Men hair removal products.   According to publicly available records on the U.S. Patent and Trademark Office ("PTO") website, the pending U.S. applications for these patents were published on or about November 30, 2006 and August 14, 2008 -- dates which were both well in

advance of the filing of Heathcote's original and amended Complaint -- as U.S. Publication Nos. 2006/0269489 and 2008/0193402, respectively.

This Court can take judicial notice of these pending patent applications and dismiss Count 23 of the Amended Complaint, as Heathcote cannot pled any set of facts that would support a claim of false marking concerning the Nair For Men products. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) ("Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice."); FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").

Accordingly, Heathcote's Count 23 should be dismissed because Church & Dwight has appropriately marked its Nair for Men products with the language "Patents Pending."

    **B.**     **Heathcote's Amended Complaint Should Be Dismissed for Failure to Allege Fraudulent Intent to Deceive With Sufficient Particularity Required by Federal Rule 9(b).**

Heathcote's failure to comply with Federal Rule 9(b) warrants dismissal on the pleadings for failure to state a claim upon which relief can be granted. *United States ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999).

Pursuant to Rule 9(b), Heathcote was required to set forth the "who, what, when, where, and how" of the alleged fraud in order to state a valid claim. *See United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). There is never a "license to base claims of fraud on speculation and conclusory allegations." *Id.* Heathcote cannot simply allege facts

concerning a claim for fraud "on information and belief" without providing the factual basis behind such beliefs. *Russell*, 193 F.3d at 308.

Because section 292 is a penal statute that explicitly requires a false act to be performed with a specific "intent to deceive," claims for false patent marking must be treated as a species of fraud.  35 U.S.C. § 292(a) ("Whoever marks upon … any unpatented article, the word 'patent' … for the purpose of deceiving the public – Shall be fined … for every such offense.").  Indeed, the Federal Circuit has acknowledged as much by equating section 292's requirement of an "intent to deceive the public" with a requirement that a plaintiff prove "fraudulent intent." *Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (citing *Norton v. Curtiss*, 433 F.2d 779, 795-96 (C.C.P.A. 1970); *Seven Cases of Eckman's Alternative v. United States*, 239 U.S. 510, 517-18 (1916)); *see also, e.g.*, *United States ex rel. Scharmer v. Carrollton Mfg. Co.*, 377 F. Supp. 218, 221 (N.D. Ohio 1974) (summarizing a false marking claim as a "contention … [of] conscious fraud").  This further comports with the fact that allegations brought pursuant to similar *qui tam* statutes, such as the False Claims Act ("FCA"), must also be pled with particularity.  *See Thompson*, 125 F.3d at 903 ("Claims brought under the FCA must comply with Rule 9(b).").

Heathcote's Amended Complaint should be dismissed for failure to comply with Rule 9(b).  The Amended Complaint alleges -- without providing sufficient factual support -- that Church & Dwight falsely marked the accused products with "intent to deceive the public." Amended Complaint ¶ 27.  Yet, this claim is based solely on inferences and allegations that are asserted "[u]pon information and belief."  *Id.* ¶ 22, 24, 25.

Specifically, Heathcote bases its allegations of Church & Dwight's "intent to deceive" on the following three claims:[3]

> 20.    DEFENDANT is a sophisticated company with many decades of experience applying for, obtaining, and litigating patents, and therefore knows that patents do not have an unlimited scope, but rather, have a scope limited to that which is claimed.
>
> 21.    Certain of the patents marked on the products identified herein (directly or on the packaging thereof) have scopes which unmistakably do not cover the product on which such patents are marked. Because the scope of such patents is unmistakably different than the products on which they are marked, DEFENDANT cannot have any reasonable belief that such products are patented by such patents.
>
> 22.    Upon information and belief, DEFENDANT knows that certain of the products identified herein are marked (directly or on the packaging thereof) with patents having scopes which do not cover such products and, therefore, that such products are unpatented.

*Id.* ¶¶ 20-22.  These speculative allegations fail to provide sufficient facts to support a claim that Church & Dwight acted with any specific fraudulent intent.  *Clontech Labs*, 406 F.3d at 1352.

Although Heathcote generically alleges that Church & Dwight "is a sophisticated company" and that it allegedly has had "many decades of experience in applying for, obtaining, and litigating patents," Amended Complaint ¶ 20, Heathcote has failed to make any specific factual allegation that Church & Dwight knowingly and intentionally engaged in false marking with respect to the five patents mentioned in the Amended Complaint.  *Thompson*, 125 F.3d at 903 ("[no] license [exists] to base claims of fraud on speculation and conclusory statements").  Further, no support exists for Heathcote's conclusory claim that Church & Dwight "cannot have

---

[3]    Heathcote further alleges that Church & Dwight falsely marked its Nair For Men products when, "[u]pon information and belief, [Church & Dwight] [knew and] knows that no patent applications covering such products [were or] are pending."  Amended Complaint ¶¶ 23-26.  However, as discussed herein, Heathcote's "information and belief" is blatantly wrong and these claims should be dismissed outright.

any reasonable belief that [the accused] products are patented by such patents." Amended Complaint ¶ 21. Indeed, this allegation fails to provide any information as to the "who, what, when, where, and how" concerning Church & Dwight's alleged unreasonable belief as to the marking of its products. *Thompson*, 125 F.3d at 903. Tellingly, Heathcote bases its allegations relating to what Church & Dwight "knew" or "knows" only "*[u]pon information and belief.*" Amended Complaint ¶ 22, 24, 25.

Moreover, even under a lesser standard of pleading, Heathcote's conclusory allegations fail to satisfy Rule 12(b)(6) by merely providing a formulaic recitation of elements. *Twombly*, 127 S. Ct. at 1964-65. In particular, Heathcote recites its claim that Church & Dwight falsely marked each of the accused products "with the intent to deceive the public" twenty-four separate times but fails to provide *any* factual support for these claims. *See* Amended Complaint ¶¶ 27, 32, 35, 38, 41, 45, 48, 52, 55, 58, 61, 65, 68, 71, 75, 78, 81, 84, 88, 91, 95, 98, 102, 106 (each of which makes the following generic allegation: "DEFENDANT's marking was with the intent to deceive the public, and was therefore in violation of 35 U.S.C. § 292(a)."). Even construing the complaint in the light most favorable to Heathcote, these cursory allegations do not "raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1964-65.

Indeed, courts have repeatedly dismissed claims where the claimed intent to deceive was not based on more than a factual inference. *Clontech Labs*, 406 F.3d at 1357; *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-CV-6017, 2007 WL 2781246, at *10 (S.D.N.Y. Sept. 24, 2007) ("Because Section 292 is … a penal statute, it must be strictly construed, and, as such, an intent to deceive will not be inferred from statements that may have been the result of inadvertence or mistake."); *see also Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co.*, 786 F.2d 1124, 1125 (Fed. Cir. 1986) (holding that no violation of § 292 had occurred because the plaintiff failed "to

produce any evidence" that "the false marking or mismarking was 'for the purpose of deceiving the public.'"); *Brose v. Sears, Roebuck & Co.*, 455 F.2d 763, 769 n. 8 (5th Cir. 1972) ("The statute does not extend to one who has an honest, though mistaken, belief that upon a proper construction of the patent it covers the article in question.").[4]

In sum, Heathcote's reliance on conclusory allegations and unwarranted deductions neither complies with Rule 9(b) nor 12(b)(6).  The Court should, therefore, dismiss this action because Heathcote's Complaint fails to set forth facts sufficient to demonstrate false marking with an intent to deceive under section 292.

## VI.
## Conclusion

For the foregoing reasons, Defendant Church & Dwight respectfully requests that the Court dismiss Heathcote's Amended Complaint in this action with prejudice.

---

[4]     *See also London v. Everett H. Dunbar Corp.*, 179 F. 506, 509-510 (1st Cir. 1910) ("The purpose to deceive the public is an essential element of the offense, and the burden is upon the plaintiff to establish this purpose…."); *Dethmers Mfg. Co. v. Automatic Equip. Mfg.*, 70 F. Supp. 2d 944, 983 (N.D. Iowa 1999) ("Automatic's bald assertion that 'intent to deceive' is subject to genuine issues of material fact is insufficient…."); *Water Gremlin Co. v. Ideal Fishing Float Co., Inc.*, 401 F. Supp. 809, 813 (D. Minn. 1975) ("A finding of intent to deceive the public is an absolute prerequisite to a finding of liability under [35 U.S.C. § 292].").

Dated:  May 8, 2009

Respectfully submitted,

*/s/ Jennifer P. Ainsworth*
_____

Jennifer P. Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
Tel.:    (903) 509-5000
Fax:     (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

Jeremy P. Oczek
Admitted *Pro Hac Vice*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02210
Tel.:    (617) 526-9600
Fax:     (617) 526-9899
Email: joczek@proskauer.com

*ATTORNEYS FOR DEFENDANT*
*CHURCH & DWIGHT CO., INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on May 8, 2009.

*/s/ Jennifer P. Ainsworth*
_____

Jennifer P. Ainsworth