IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. | § | |
| | § | |
| HEATHCOTE HOLDINGS CORP., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:08-cv-00349-TJW |
| v. | § | |
| | § | |
| CHURCH & DWIGHT CO., INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CHURCH & DWIGHT CO., INC.'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE 12(b)(6)</u>**

Jennifer P. Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
Tel.:   (903) 509-5000
Fax:   (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

Jeremy P. Oczek
Admitted *Pro Hac Vice*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02210
Tel.:   (617) 526-9600
Fax:   (617) 526-9899
Email: joczek@proskauer.com

*ATTORNEYS FOR DEFENDANT
CHURCH & DWIGHT CO., INC.*

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................1

II. Argument ...........................................................................................................................2

    A. Heathcote's Amended Complaint Should Be Dismissed for Failure to Allege the Requisite Fraudulent Intent With Sufficient Particularity. ................................2

        1. Recent Case Law Clearly Requires False Marking Claims to Be Pled With Specificity Pursuant to Rule 9(b) ................................................2

        2. Heathcote's Amended Complaint Does Not Allege Any Facts From Which A Court Could Reasonably Infer that Church & Dwight Marked the Accused Products With An Intent to Deceive .............3

    B. Under *Ashcroft v. Iqbal*, Heathcote's Amended Complaint Should Be Dismissed for Failure to Plead Sufficient Facts That Entitle It To Relief. ...............5

        1. Heathcote's Counts 3-6, 9-10, 13, and 16-17 Should Be Dismissed Because They Only Provide Threadbare Recitations of Legal Elements ..................................................................................................6

        2. Heathcote's Counts 1-2, 7-8, 11-12, 14-15, and 18-22 Should Be Dismissed Because No Authority Exists to Support Heathcote's Argument that Marking Products With Patents Containing Only Method Claims is a Per Se "False Marking." .............................................7

        3. Heathcote's Opposition Relies Heavily on Facts and Arguments That Cannot Be Considered Because They Were Not Made In Its Amended Complaint. ..................................................................................8

        4. Heathcote's Count 23 Should Be Dismissed Because Heathcote's Claims Are Not Plausible Where Church & Dwight Has Patents Pending that Cover its Nair for Men Products ............................................9

III. Conclusion .......................................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                              **PAGE(S)**

*Albemarle Corp. v. Chemtura Corp.*,
    No. 05-1239-JJB-SCR, 2008 WL 5787779 (M.D. La. Jan. 24, 2008) .................................6, 7

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009) ................................................................................................. *passim*

*Astec Am., Inc. v. Power-One, Inc.*,
    No. 6:07-cv-464, 2008 U.S. Dist. LEXIS 30365 (E.D. Tex. Apr. 11, 2008)............................2

*Bell Atlantic Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) ................................................................................................ *passim*

*Clontech Labs, Inc. v. Invitrogen Corp.*,
    406 F.3d 1347 (Fed. Cir. 2005) ...............................................................................................2

*Dethmers Mfg. Co. v. Automatic Equip. Mfg.*,
    70 F. Supp. 2d 944 (N.D. Iowa 1999) .....................................................................................8

*Exergen v. Wal-Mart Stores, Inc.*,
    --- F.3d ---, 2009 WL 2366535 (Fed. Cir. Aug. 4, 2009) ..................................................1, 3, 4

*Fernandez-Montes v. Allied Pilots Ass'n*,
    987 F.2d 278, 284 (5th Cir. 1993) ..........................................................................................7

*Juniper Networks v. Shipley*,
    No. C 09-0696 SBA, 2009 U.S. Dist. LEXIS 40978 (N.D. Cal. May 14, 2009) ..............2, 4, 5

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273, 290 (2d Cir. 2006).............................................................................................4

*Lovelace v. Softaware Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ...........................................................................................8, 10

*Mass. Instit. of Tech. v. Abacus Software, Inc. et al.*,
    No. 5:01-cv-344, 2004 WL 5268123 (E.D. Tex. Aug. 4, 2004)...............................................8

*Midwest Indust., Inc. v. Karawan Trailers, Inc.*,
    175 F.3d 1356 (Fed. Cir. 1999)................................................................................................4

*Pitney Bowes, Inc. v. Hewlett-Packard Co.*,
    182 F.3d 1298 (Fed. Cir. 1999)...........................................................................................6, 7

*Rios v. City of Del Rio*, 444 F.3d 417,
    421 (5th Cir. 2006)...................................................................................................................7

*Third Party Verification, Inc. v. Signaturelink, Inc.*,
    492 F. Supp. 2d 1314 (M.D. Fla. 2007) ................................................................................. 2

*United States ex rel. Russell v. Epic Healthcare Mgmt Group*,
    193 F.3d 304 (5th Cir. 1999) ............................................................................................. 4-5

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
    125 F.3d 899 (5th Cir. 1997) ............................................................................................ 3, 4

**OTHER AUTHORITIES**

35 U.S.C. § 287 ................................................................................................................................ 3

35 U.S.C. § 292 ....................................................................................................................... *passim*

FED. R. CIV. P. 9(b) ................................................................................................................. *passim*

FED. R. CIV. P. 12(b)(6) .......................................................................................................... *passim*

Defendant Church & Dwight Co., Inc. ("Church & Dwight") respectfully submits the following Reply Brief in Support of its Motion to Dismiss Plaintiff Heathcote Holdings Corp., Inc.'s ("Heathcote") Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docket No. 23.

# I.
# Introduction

This is a fraud-based action. Yet, Heathcote fails to provide any facts to buttress its allegations that Church & Dwight acted with the requisite fraudulent intent. Indeed, recent precedent makes clear that Heathcote's claims for false patent marking must be dismissed for failure to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

In particular, the Federal Circuit's recent decision in *Exergen v. Wal-Mart Stores, Inc.*, requires Heathcote to "identify the specific who, what, when, where, and how of the material misrepresentation or omission" alleged to be fraudulent. --- F.3d ---, 2009 WL 2366535, at *13 (Fed. Cir. Aug. 4, 2009). Heathcote cannot merely allege that, upon "information and belief," Church & Dwight acted with an "intent to deceive" without also providing the "information" upon which it relies or any plausible reasons for its "beliefs." *Id.* at *15.

Moreover, the Supreme Court's holding in *Ashcroft v. Iqbal* makes clear that Heathcote's "[t]hreadbare recitals of the [legal] elements of a cause of action" for false marking, are insufficient. 129 S.Ct. 1937, 1949 (2009). Heathcote has not – and cannot – plead sufficient facts to nudge its claims "across the line from conceivable to plausible." *Id.* at 1951 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Indeed, the fact that Heathcote felt it was necessary to provide new information in its opposition demonstrates that the Amended Complaint fails to provide sufficient allegations to state a valid claim.

Accordingly, Heathcote's Amended Complaint must be dismissed.

## II.
## Argument

A.   **Heathcote's Amended Complaint Should Be Dismissed for Failure to Allege the Requisite Fraudulent Intent With Sufficient Particularity.**

   1.   *Recent Case Law Clearly Requires False Marking Claims to Be Pled With Specificity Pursuant to Rule 9(b).*

Despite Heathcote's arguments to the contrary, claims for false patent marking under 35 U.S.C. § 292 are "fraud-based claim[s], **which [are] subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)**." *Juniper Networks v. Shipley*, No. C. 09-0696 SBA, 2009 U.S. Dist. LEXIS 40978 (N.D. Cal. May 14, 2009) (emphasis added). As such, Heathcote has not properly pled a claim for false patent marking unless it has "state[d] with particularity facts giving rise to a strong inference that [Church & Dwight] acted with [an] *intent to deceive*" by marking the accused products. *Id.* at *11 (internal citations omitted). Mere "conclusory allegations that [Church & Dwight] 'knew' [a] reference to [certain] patents was 'false' are thus insufficient to plead an intent to deceive under section 292(a)."[1] *Id.* at *11-*12; *see also Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (equating section 292's requirement of an "intent to deceive" with a requirement that a plaintiff prove "fraudulent intent").

---

[1]   Notwithstanding Heathcote's claims that *Shipley* is an "erroneous solitary decision, which ignores case law to the contrary," Docket No. 27, Opp. at 14, *Shipley* is the single most relevant case – decided subsequent to the decisions to which Heathcote cites, and in the exact same context as this case. On the contrary, both cases relied upon by Heathcote, *Astec Am., Inc. v. Power-One, Inc.*, No. 6:07-cv-464, 2008 U.S. Dist. LEXIS 30365, at *33 (E.D. Tex. Apr. 11, 2008) and *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007), were in the dissimilar context of false marking counterclaims between competitors, where the false marking claims were brought as a means of offsetting damages on the plaintiff's infringement claims.

Moreover, the Federal Circuit's recent holding in *Exergen v. Wal-Mart Stores*, --- F.3d ---, 2009 WL 2366535 (Fed. Cir. Aug. 4, 2009), discredits Heathcote's argument that the heightened pleading requirements of Rule 9(b) should not be extended outside of what is specifically enumerated in the rule. *See* Docket No. 27, Heathcote's Opposition (hereinafter "Opp.") at 14. Although *Exergen* was decided in the context of inequitable conduct, the Federal Circuit's basic holding clearly applies to any allegations pertaining to federal patent law which stem from "a broader concept than fraud" – i.e. false patent marking claims under section 292. *Id.* at *11. Indeed, these fraud-based claims "must be pled with particularity" under Rule 9(b). *Id.*

Heathcote must, therefore, "identify the specific who, what, when, where, and how of the material representation or omission committed … [and] include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual … [acted] with a specific intent to deceive…." *Id.* at *13; *see also United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). "Although 'knowledge' and 'intent' may be averred generally," Rule 9(b) further "requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen*, 2009 WL 2366535 at *12.

> **2.    Heathcote's Amended Complaint Does Not Allege Any Facts From Which A Court Could Reasonably Infer that Church & Dwight Marked the Accused Products With An Intent to Deceive.**

Heathcote's arguments aside, the Amended Complaint does not comply with the heightened plead requirements of Rule 9(b). Moreover, Heathcote's self-serving analysis of Rule 9(b), as set forth in its Opposition, completely misses the mark. Not only does Heathcote

apply the law of the wrong circuit,[2] it also ignores the fact that its allegations of intent are made "upon information and belief" and are not supported by anything more than mere conjecture. *Exergen*, 2009 WL 2366535 at *12, n.4. (*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) ("plaintiffs must allege facts give rise to a strong inference of fraudulent intent" not merely "speculation and conclusory allegations")).

On its face, the Amended Complaint has not identified "the specific who, what, when, where, and how" upon which Heathcote bases its false marking claims. *Id.* at *13; *Thompson*, 125 F.3d at 903. Heathcote's repeated assertions that "DEFENDANT's marking was with the intent to deceive the public," Amended Complaint ¶¶ 32, 35, 38, 41, 45, 48, 52, 55, 58, 61, 65, 68, 71, 75, 78, 81, 84, 88, 91, 95, 98, 102, 106; *see also id.* ¶ 27, fail to provide *any* facts, let alone specific facts, concerning (1) who specifically marked the products, (2) what specifically was marked, (3) when the products were marked, (4) where the marking occurred, or (5) why the Court should believe that Church & Dwight was acting "with the intent to deceive." *Exergen*, 2009 WL 2366535, at *13-*15. Indeed, these conclusory allegations are insufficient under Rule 9(b). *Shipley*, 2009 U.S. Dist. LEXIS 40978, at *11-12.

Moreover, because Heathcote pleads deceptive intent "upon information and belief," *see* Amended Complaint ¶¶ 22, 24, 25, it must also provide sufficient underlying facts from which this Court could reasonably infer that a specific person or persons acting on behalf of Church & Dwight acted with an intent to deceive. *Exergen*, 2009 WL 2366535, at *12; *United States ex*

---

[2] Heathcote incorrectly relies on Fifth Circuit precedent to support its argument that Rule 9(b) is "context-specific" and does not require "all the details of any single court-articulated standard." *See* Opp. at 13. However, because claims for false patent marking arise under the Patent Act, Federal Circuit law – and the holding in *Exergen* – applies. *See Exergen*, 2009 WL 2366535, at *11; *see also Midwest Indust., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (holding that the substantive law of the Federal Circuit governs in cases where a procedural issue is unique to or pertains to patent law).

*rel. Russell v. Epic Healthcare Mgmt Group*, 193 F.3d 304, 308 (5th Cir. 1999). For example, Heathcote's conclusory allegation that Church & Dwight is a "sophisticated patent company with many decades of [patent] experience," Amended Complaint ¶ 20, does not provide a sufficient factual basis to infer either that any specific individual believed that these specific patents did apply to the accused products, or that this person or persons then deliberately decided to mark the accused products anyway so that they could deceive the public. Similarly, Heathcote's remaining allegations are made without any further factual support that would give rise to any inference (let alone a strong inference) that deceptive intent on the part of Church & Dwight should be inferred. *See, e.g.*, Amended Complaint ¶¶ 21, 22 ("DEFENDANT cannot have any reasonable belief that [the accused] products are patented by [the accused] patents"; "DEFENDANT knows that certain of the products identified [in the Amended Complaint] are marked … with patents having scopes which do not cover such products").

As was the case in *Shipley*, Heathcote's claims should be dismissed for failure to comply with Rule 9(b). *Shipley*, 2009 U.S. Dist. LEXIS 40978, at *10-12.

### B. Under *Ashcroft v. Iqbal*, Heathcote's Amended Complaint Should Be Dismissed for Failure to Plead Sufficient Facts That Entitle It To Relief.

Even under a lesser pleading standard, Heathcote's Amended Complaint falls short. Heathcote has not – and cannot – plead sufficient factual allegations to nudge its claims "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the Supreme Court has made clear, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).

       *1.*       *Heathcote's Counts 3-6, 9-10, 13, and 16-17 Should Be Dismissed Because They Only Provide Threadbare Recitations of Legal Elements.*

Contrary to Heathcote's assertion that it has provided "highly detailed" allegations, the Amended Complaint merely sets forth "threadbare recitals of the [legal] elements of a cause of action" for false patent marking. *Iqbal*, 129 S.Ct. at 1949. Indeed, each of Heathcote's Counts 3-6, 9-10, 13, and 16-17 simply repeat the same conclusion – that the '853 patent and the '193 patent each "ha[ve] a scope which does not cover or protect" certain accused products. Amended Complaint ¶¶ 36, 39, 43, 46, 56, 59, 69, 79, 82. However, this mere listing of patents and products fails to provide *any* facts that would support Heathcote's claims that "the patents marked on the [accused] products… have scopes which *unmistakably* do not cover the product on which such patents are marked." Amended Complaint ¶ 21 (emphasis added). Notably, Heathcote cannot hang its hat on a listing of patent titles when "the Federal Circuit has expressly rejected relying on the patent's title when constructing claims." *Albemarle Corp. v. Chemtura Corp.*, No. 05-1239-JJB-SCR, 2008 WL 5787779, at *4 (M.D. La. Jan. 24, 2008) (citing *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1312-13 (Fed. Cir. 1999)).

Moreover, even assuming *arguendo* that this Court believes that Heathcote's Amended Complaint provides more than "a formulaic recitation of the elements" – a fact which Church & Dwight vigorously disputes – Heathcote still has not pled sufficient facts to render its claims plausible on their face. *Iqbal*, 129 S.Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555). This Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged" because Heathcote's Amended Complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1960.

By way of example, Heathcote has not provided *any* facts that support its allegations in Counts 3, 5, 9, or 19 regarding the '193 patent. Indeed, it is impossible for these claims to be plausible on their face when the title of the '193 patent – "Dispensing container with telescopically arranged disposable refill cartridge and reusable base" – and the claims included therein specifically reference the refill cartridge products being marked. *Albemarle*, 2008 WL 5787779, at *4; *Pitney Bowes*, 182 F.3d at 1312-13.

Simply put, Heathcote's conclusory allegations concerning the '853 and '193 patents do not pass muster under *Iqbal* because they "do not permit the court to infer more than the *mere possibility* of misconduct." *Iqbal*, 129 S.Ct. at 1950 (emphasis added).

> **2.     Heathcote's Counts 1-2, 7-8, 11-12, 14-15, and 18-22 Should Be Dismissed Because No Authority Exists to Support Heathcote's Argument that Marking Products With Patents Containing Only Method Claims is a Per Se "False Marking."**

Heathcote makes the bold assertion that it has sufficiently pled Counts 1-2, 7-8, 11-12, 14-15, and 18-22 because, "by definition," marking with method patents is a false marking. Opp. at 9. However, Heathcote has not – and cannot – cite to any case law that states that marking products or components thereof with patents containing only method claims is a *per se* false marking under section 292. Indeed, the Court is not required to accept Heathcote's incorrect legal conclusion that this type of marking is *per se* false. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) ("[L]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

As set forth in Church & Dwight's Motion to Dismiss (Docket No. 23), courts have explicitly held to the contrary. In particular, this District has explicitly acknowledged that "in the balance struck by §§ 287(a) and 292 there is a clear weight on the side of marking, even if

-7-

that results in a notice that includes patents that may not actually cover the vended article." *Mass. Instit. of Tech. v. Abacus Software, Inc. et al.*, No. 5:01-cv-344, 2004 WL 5268123, at *21 (E.D. Tex. Aug. 4, 2004) (emphasis added).  Notably, Heathcote does not contest this fact.

Moreover, because "the mere giving notice of patent rights [via marking] … *does not give rise to any inference that the notice was given with the intent to deceive the public*," *Dethmers Mfg. Co. v. Automatic Equip. Mfg.*, 70 F. Supp. 2d 944, 984 (N.D. Iowa 1999) (emphasis added), Heathcote's false marking allegations with respect to the accused method patents ('972, '313, and '474 patents) do not "allow[] the court to draw the reasonable inference that [Church & Dwight] is liable for the misconduct alleged," *Iqbal*, 129 S.Ct. at 1959 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

### 3. Heathcote's Opposition Relies Heavily on New Allegations That Cannot Be Considered Because They Were Not Made In Its Amended Complaint.

In a last ditch effort to convince the Court that it has adequately pled its claims, Heathcote suddenly makes multiple allegations in its Opposition that were never set forth in the Amended Complaint.  However, the law is clear that on a Rule 12(b)(6) motion, this Court may only consider the facts as alleged in Heathcote's Amended Complaint, and cannot consider any additional evidence or facts outside of the pleadings.  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) ("courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint").

For example, Heathcote now argues – for the first time – that "the sheer number of patents and products involved …[must] give rise to a reasonable inference that Church & Dwight has engaged in a purposeful program of marking products with inapplicable patents."  Opp at 17-

18. Yet, this cannot be considered on a motion to dismiss, since this allegation was never asserted in Heathcote's Amended Complaint.

Likewise, in other sections of its Opposition, Heathcote makes new allegations to try to convince the Court that its conclusory claims are somehow plausible. Heathcote makes new allegations concerning the basis for its claims that it is false to (1) mark with method patents and (2) mark with patents that do not have a scope covering the accused products:

- Marking with the '972 patent "which covers a method of agitating a composition within the mouth" is false because "Church & Dwight [is] falsely represent[ing] that the toothpaste itself is protected by a patent monopoly and cannot be copied, thus misleading the public and competitors." Opp. at 8 (emphasis in original);

- "Because the ingredients list on the Mentadent Advanced Whitening Refreshing Mint product does not include menthol, the '853 patent cannot cover the product." *Id.* at 11.

That Heathcote feels the need to include these previously un-pled allegations only serves to reinforce the fact that the Amended Complaint has not pled sufficient allegations to survive a motion to dismiss.

### 4. *Heathcote's Count 23 Should Be Dismissed Because Heathcote's Claims Are Not Plausible Where Church & Dwight Has Patents Pending that Cover its Nair for Men Products.*

Desperate to avoid dismissal of Count 23, Heathcote also goes so far as to misrepresent the substance of the allegations contained in its Amended Complaint. Indeed, when faced with clear evidence that it wrongly alleged that Church & Dwight "marked … the packaging for Nair for Men Hair Remover Speed Cream with the words 'patent pending,' when … no application for patent has been made, or if made, is not pending," Amended Complaint ¶ 105, Heathcote now claims that "Church & Dwight never denie[d] the allegations of the Amended Complaint with a statement that the patent applications actually cover the Nair for Men product." Opp. at

-9-

12. ***Yet, Church & Dwight cannot be expected to have denied allegations that were never made.***

In fact, the Amended Complaint *never* mentions the existence of published U.S. patent applications (Nos. 2006/0269489 and 2008/0193402) and *never* alleges that such patent applications have a scope that does not cover the accused Nair for Men products. Rather, the only allegations in the Amended Complaint that reference the Nair for Men Hair Remover Speed Cream explicitly allege that the violation of 35 U.S.C. § 292 is based on Heathcote's albeit incorrect belief that Church & Dwight either had not filed, or did not still have any patent application pending. Amended Complaint ¶ 11, 23-26, 103-106.

Although Heathcote would prefer to ignore the fact that the allegations it previously pled fail to state a valid claim, the law is clear that on a Rule 12(b)(6) motion, Heathcote's new claims concerning the scope of pending applications cannot be considered and cannot prohibit dismissal. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Moreover, this Court should reject Heathcote's self-serving attempts to twist Church & Dwight's clear representation that the relevant patent applications do indeed cover the formulas currently used in its Nair For Men Hair Removal products. Church & Dwight would not ask the Court to take judicial notice of a fact unless it had a valid basis to do so.

In short, Heathcote has not alleged sufficient facts to "nudge[] [its] claims" of false patent marking "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1950-51 (quoting *Twombly*, 550 U.S. at 570).

### III.
### Conclusion

For the aforementioned reasons, Defendant Church & Dwight Co., Inc. respectfully requests that the Court dismiss Heathcote's Amended Complaint with prejudice.

Dated: August 14, 2009                    Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
Tel.:   (903) 509-5000
Fax:   (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

Jeremy P. Oczek
Admitted *Pro Hac Vice*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02210
Tel.:   (617) 526-9600
Fax:   (617) 526-9899
Email: joczek@proskauer.com

*ATTORNEYS FOR DEFENDANT*
*CHURCH & DWIGHT CO., INC.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on August 14, 2009.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth