IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES ex rel. § | |
| § | |
| HEATHCOTE HOLDINGS CORP., INC., § | |
| § | |
| Relator, § | |
| § | Civil Action No. 2:08-cv-00349-TJW |
| v. § | |
| § | |
| CHURCH & DWIGHT CO., INC., § | |
| § | |
| Defendant. § | |

**UNOPPOSED MOTION TO MODIFY STAY OF PROCEEDINGS**

Defendant Church and Dwight Co., Inc. ("Church & Dwight") respectfully moves the Court to modify the current stay of the proceedings in this case.

This case is currently stayed by stipulation of the parties and Order of the Court until such time that the United States Court of Appeals for the Federal Circuit decides the appeal in *Matthew A. Pequignot v. Solo Cup Company*, No. 1:07-cv-897 (E.D. Va.), *appeal docketed*, No. 2009-1547 (Fed. Cir. Aug. 28, 2009) ("*Solo Cup*"). See Docket No. 33 (order granting stay).

Church & Dwight respectfully moves to modify the stay of the proceedings in this case so that the stay is in effect until the United States Court of Appeals for the Federal Circuit decides the appeals in both 1) *Solo Cup* (under which this case is currently stayed) and 2) *Raymond E. Stauffer v. Brooks Brothers, Inc. et al.*, No. 08-cv-10369 (S.D.N.Y.), *appeal docketed*, No. 2009-1428, -1430, -1453 (Fed. Cir. Jul. 7, 2009) ("*Brooks Brothers*").

Relator Heathcote Holdings Corp., Inc. ("Heathcote") does not oppose the relief sought by the present motion to modify the stay.

A stay pending the appeals in both *Solo Cup* and *Brooks Brothers* will conserve this Court's and the parties' resources. The resolution of these appeals will likely impact one or more legal issues under the false marking statute at issue here, 35 U.S.C. § 292, and may have an effect on the proceedings of this case.

For the Court's convenience, a proposed Order granting the modified relief requested by this unopposed motion is attached hereto.

## I.   BRIEF CASE BACKGROUND

This is a case alleging false patent marking under 35 U.S.C. § 292. Heathcote filed its original complaint against Church & Dwight on September 12, 2008, followed by an amended complaint on October 3, 2008. Currently pending before this Court is a fully-briefed motion to dismiss Heathcote's amended complaint filed by Church & Dwight pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Docket No. 23.

## II.   FEDERAL CIRCUIT APPEALS

The *Solo Cup* appeal is currently before the United States Court of Appeals for the Federal Circuit. *See Matthew A. Pequignot v. Solo Cup Company*, No. 1:07-cv-897 (E.D. Va.), *appeal docketed*, No. 2009-1547 (Fed. Cir. Aug. 28, 2009). This appeal stems from a case filed in the U.S. District Court for the Eastern District of Virginia by Matthew Pequignot against Solo Cup Company, alleging false patent marking under 35 U.S.C. § 292. The district court granted summary judgment in favor defendant Solo Cup. Judgment was entered, and Mr. Pequignot appealed to the Federal Circuit. The issues in the *Solo Cup* case have been briefed on appeal, and the Federal Circuit has conducted oral argument, but a decision has not yet issued. Mr. Pequignot's counsel in the *Solo Cup* case also represents Heathcote in this case. The present case is stayed pending resolution of the *Solo Cup* case.

The *Brooks Brothers* case is also pending before the United States Court of Appeals for the Federal Circuit. *Raymond E. Stauffer v. Brooks Brothers, Inc. et al.*, No. 08-cv-10369 (SHS) (S.D.N.Y.), *appeal docketed*, No. 2009-1428, -1430, -1453 (Fed. Cir. July 7, 2009). This appeal stems from a case filed in the U.S. District Court for the Southern District of New York by Raymond E. Stauffer against Brooks Brothers and Retail Brand Alliance, Inc., alleging false patent marking under 35 U.S.C. § 292. The district court granted a motion to dismiss in favor of defendants Brooks Brothers and Retail Brand Alliance. Judgment was entered, and Mr. Stauffer appealed to the Federal Circuit. The issues in the *Brooks Brothers* case have been briefed, but oral argument has not yet been conducted and a decision has not yet issued. A decision in *Brooks Brothers* will likely address constitutionality and standing issues under the false marking statute, 35 U.S.C. § 292.

### III.   THE CURRENT STAY OF PROCEEDINGS SHOULD BE MODIFIED

The current stay of proceedings should be modified so that it is in effect until completion of the Federal Circuit appeals in both the *Solo Cup* and *Brooks Brothers* cases. A stay pending the appeals in *Solo Cup* and *Brooks Brothers* will conserve this Court's and the parties' resources, while the Federal Circuit decides these appeals. Heathcote does not oppose the relief sought by the present motion to modify the stay.

Church & Dwight respectfully notes that other cases filed by Heathcote alleging false patent marking under 35 U.S.C. § 292 have been recently stayed pending resolution of the appeal in the *Brooks Brothers* case. *See Heathcote Holdings Corp., Inc. v. The Clorox Co. et al.*, No. 10-cv-00942 (N.D. Ill. May 18, 2010) (order granting stay pending resolution of the *Brooks Brothers* case); *Heathcote Holdings Corp., Inc. v. Crayola LLC et al.*, No. 10-cv-00342 (N.D. Ill. Apr. 8, 2010) (same).

Church & Dwight further notes that several district courts have recently granted stays in cases involving complaints of false patent marking under 35 U.S.C. § 292. *See, e.g*, *O & G SearchQuest, Inc. v. McNeil-PPC, Inc.*, No. 4:10-cv-01004 (S.D. Tex. May 24, 2010) (order granting stay and administratively closing case pending the Federal Circuit's decision in the *Brooks Brothers* case); *Hollander v. Hospira, Inc.*, No. 2:10-cv-00235 (E.D. Pa. May 6, 2010) (order granting stay and transferring the case to the Civil Suspense File pending the outcome of the *Solo Cup* and *Brooks Brothers* cases); *Zojo Solutions, Inc. v. Leviton Mfg. Co., Inc.*, No. 1:10-cv-881 (N.D. Ill. Apr. 21, 2010) (order granting stay until the Federal Circuit issues a ruling in the *Brooks Brothers* case); *Public Patent Foundation Inc. v. GlaxoSmithKline Consumer Healthcare LP*, No. 09-cv-5881 (S.D.N.Y. Feb. 17, 2010) (order granting stay and placing the case on the court's suspense docket pending resolution of the *Brooks Brothers* case).

The Proposed Order submitted herewith would stay the case until both appeals, *Solo Cup* and *Brooks Brothers*, are decided, resolved, or otherwise terminated. It further provides that either side may seek to terminate the stay at any time upon the filing of a notice with the Court. Upon filing such a notice, either party opposing a lift of the stay would have 60 days to move the Court for an Order continuing the stay. Otherwise the stay would be lifted.

## REQUEST FOR RELIEF

WHEREFORE, Church & Dwight respectfully requests that the Court enter the proposed Order submitted herewith.

Dated: June 2, 2010 Respectfully submitted:

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth
Tex. State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
Tel.:   (903) 509-5000
Fax:   (903) 509-5092
Email: jainsworth@wilsonlawfirm.com

Jeremy P. Oczek
Admitted *Pro Hac Vice*
PROSKAUER ROSE LLP
One International Place
Boston, MA 02210
Tel.:   (617) 526-9600
Fax:   (617) 526-9899
Email: joczek@proskauer.com

*Attorneys for Defendant*
*CHURCH & DWIGHT CO., INC.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 2, 2010 the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant and counsel for Plaintiff Heathcote Holdings Corp., Inc. conferred via email, and that counsel for Plaintiff does not oppose the relief requested by this Motion.

*/s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth