IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES ex. rel.<br><br>HEATHCOTE HOLDINGS CORP., INC.<br>Relator,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC.<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§   No. 2:08-cv-349<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**RESPONSE TO DEFENDANT'S NOTICE
REGARDING *AMICUS CURIAE* BRIEF**

Plaintiff respectfully requests leave to respond briefly to Defendant's Notice.

The *Amicus Brief*, from the unrelated case, *BP Lubricants USA Inc., No. 2010-M960 (Fed. Cir.)* ("*Amicus Brief*") submitted by the Defendant indicates that, "[t]his [Fed. Cir.] Court has not ruled on whether Rule 9(b) applies to false marking claims." [*Citing, Stauffer,* 2010 WL 3397419, at *6.] *Amicus Brief*, p.7. This is correct, the Federal Circuit has not addressed this issue.

The *Amicus Brief* discusses false marking cases based on expired patents, but does not address the situation, as in the present case, where unpatented articles are marked as "patented" despite being outside the scope of the patent claims. It is respectfully submitted that in such cases, the rebuttable presumption of intent is the

correct standard to apply. This presumption was referred to in the *Amicus Brief* at note 7, *citing, Patent Compliance Group inc. v. Interdesign, Inc.,* Case No. 3:10-CV-0404-P, Docket No. 22 (N.D. Texas June 28, 2010); *Simonian v. Advanced Vision Research,* Case No. 10-CV-1310, Docket No. 30 (N.D. Ill. August 13, 2010); *Simonian v. Cisco Systems Inc.,* 10-C-1306, 2010 WL 3019964 (N.D. Ill. July 29, 2010).

In distinction from cases arguing in favor of possible forgetfulness of patent expiration, patent scope cases necessarily arise out of background facts making inadvertence even less plausible. Patent prosecution has the singular purpose of determining the scope of the claims of the patent that ultimately issues. Intent to deceive is implied when articles containing only elements A and B are falsely marked with the number of a patent that a marker has determined during patent prosecution, often in excruciating detail and at significant expense, requires elements A, B and C. In such cases, it is sufficient to plead the specific patents and falsely marked articles, and to plead intent to deceive generally. Whether Rule 9(b) is applied or not, to require otherwise would place the bar too high for cases to be brought under 35 USC 292. Assuming Rule 9(b) were applied, the *Amicus Brief*, at page 19, suggests that the particularity standard of Rule 9(b) "may be relaxed when 'essential information lies uniquely within another party's control.'" *Citing, Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1330 (Fed. Cir. 2009). Information concerning how a marker's intimate knowledge of the scope of patent claims relates to intent in falsely marking articles outside that scope lies uniquely in the marker's control.

Dated: November 2, 2010                    Respectfully submitted,

                                           By:    s/Michael T. Konczal
                                              MICHAEL T. KONCZAL
                                              Texas State Bar No. 24067958

                                              KONCZAL LAW FIRM PLLC
                                              P.O. Box 863656
                                              Plano, Texas 75093
                                              214-228-3641
                                              mike@patentmike.com

                                              Attorney for Relator
                                              HEATHCOTE HOLDINGS CORP., INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 2nd day of November, 2010.

                                           By: s/Michael T. Konczal
                                              MICHAEL T. KONCZAL
                                              Texas State Bar No. 24067958

                                              KONCZAL LAW FIRM PLLC
                                              P.O. Box 863656
                                              Plano, Texas 75093
                                              214-228-3641
                                              mike@patentmike.com

                                              Attorney for Relator
                                              HEATHCOTE HOLDINGS CORP., INC.